COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-122-CR

 

 

BARRY HOUSTON BALLARD                                                 APPELLANT

A/K/A
BARRY H. BALLARD

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant seeks to appeal
from a conviction for felony driving while intoxicated (DWI).  On December 12, 2005, Appellant entered an
open plea of guilty to felony DWI; on March 6, 2006, the court assessed
Appellant=s punishment
at fifteen years=
confinement.  Pursuant to the written
plea admonishments that were signed by Appellant and his attorney, Appellant
waived his right to appeal.  The trial
court entered its certification of Appellant=s right to appeal in accordance with rule 25.2(a)(2).  See Tex.
R. App. P. 25.2(a)(2).  The
certification states that Athe defendant has waived the right of appeal@ pursuant to the signed plea admonishments.

On April 4, 2006, Appellant
filed a pro se notice of appeal.  On
April 17, 2006, we notified Appellant and his attorney that the certification,
indicating that Appellant had waived his right to appeal the case, had been
filed in this court and that this appeal would be dismissed unless Appellant or
any party desiring to continue the appeal filed a response showing grounds for
continuing the appeal.  See Tex. R. App. P. 25.2(d), 44.3.  Appellant has filed a pro se response.

The signed plea admonishments
recite that Appellant entered an open plea of guilty and the State agreed to
waive a deadly weapon finding.  In this
document, Appellant acknowledged, AI give up and waive my right to appeal. . . .@  The trial court=s certification states that Appellant has waived the right to appeal
pursuant to the signed plea admonishments. 
Appellant=s pro se
response provides no grounds for continuing this appeal in light of Appellant=s written acknowledgment that he waived his right to appeal.  








Under Texas law, a defendant
in a noncapital case "may waive any rights secured him by law,"
including the right to appeal.  Tex. Code Crim. Proc. Ann. art. 1.14(a)
(Vernon 2005); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App.
2003) (reaffirming that "a valid waiver of appeal, whether negotiated or
non‑negotiated, will prevent a defendant from appealing without the
consent of the trial court"). 
Accordingly, because the record supports the trial court=s certification that Appellant has waived his right to appeal, we
dismiss this appeal.  See Tex. R. App. P. 43.2(f), 44.3.[2]


 

PER CURIAM

PANEL
D:   HOLMAN, GARDNER, and WALKER, JJ. 

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
JUNE 15, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]We
grant the motion for leave to withdraw as counsel filed by Appellant=s
court-appointed attorney, William H. ABill@
Ray.  We deny Appellant=s
motion requesting that this appeal be abated and the case be remanded to the
trial court for appointment of new counsel.